IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 1:11cr455 (JCC) |
| | ) |
| NAPOLEON OSEI BOAKYE, | ) |
| | ) |
| Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Napoleon Osei Boakye's ("Defendant") *pro se* Motion to Reconsider in Granting Defendant Request for Transcript.[1] [Dkt. 45.] For the following reasons, the Court will deny Defendant's Motion.

## I. Background

### 1. Factual Background

Defendant is a citizen of Ghana who was ordered removed from the United States but later was granted deferred removal. [Dkt. 19.] On September 20, 2011, he entered a pre-indictment plea in which pleaded guilty to Immigration Document Fraud, in violation of 18 U.S.C. § 1546; and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. [Dkt. 18.]

---

[1] As an initial matter, the Court notes that filings of a *pro se* party are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

On November 11, 2012, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. [Dkt. 36.] In his Motion, Defendant argues that the government should have provided him Fast Track treatment, and argues that the Government should have filed a motion for a reduction of sentence under Fed. R. Crim. P. 35(b).

**2. Procedural Background**

On December 7, 2012, Defendant filed their initial Request for Transcript. [Dkt. 41.] On December 19, 2012, this Court issued an Order denying Defendant's Request for Transcript. [Dkt. 43.]

**II. Standard of Review**

The Federal Rules of Civil Procedure do not provide a vehicle for a "motion to reconsider." Rather, they provide for a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from judgment. Defendant does not specify whether he is bringing his Motion pursuant to Rule 59(e) or 60(b). Pursuant to Rule 59(e), "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has interpreted a motion for reconsideration as a motion to alter or amend a judgment pursuant to Rule 59(e) where that motion has been filed within the specified time period. *See Lee-Thomas v. Prince George's County Pub. Sch.*, 666 F.3d 244, 247 n.4 (4th

Cir. 2012); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011). Here, Defendant's Motion was filed within 28 days of the Court's December 19, 2012 Order denying his Request for Transcript of Court Proceedings. Accordingly, the motion will be construed as a Rule 59(e) motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e).

A district court has "considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). The Fourth Circuit has made it clear, however, that "[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)) (internal quotations omitted). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.

1998). Rather, the purpose of Rule 59(e) motion is to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). A Rule 59(e) motion is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

### III. Analysis

Addressing a threshold matter, a defendant may not obtain transcripts of proceedings in his case unless this Court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). On collateral attack pursuant to 28 U.S.C. § 2255, the judge must also certify that the transcript is needed to decide the issue presented by the suit. *Id*. Regarding entitlement to transcripts, federal inmates are not entitled to transcripts at Government expense for collateral attacks on their convictions absent some showing of a "particularized need." *United States v. MacCollom*, 426 U.S. 317, 326-27, (1976); *United States v. Hamlett*, 128 F.App'x. 320, 321 (4th Cir. 2005). "[A]n indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw." *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152

4

(4th Cir. 1972)(quoting *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963)); *accord United States v. Parker*, 273 F.App'x. 243, 244 (4th Cir. 2008).

The entire substance of Defendant's original Request for Transcript of Court Proceeding consisted of a mere two sentences in support. Far from having demonstrated a particularized need, Defendant merely stated that "[i]n order to fully support [his] allegation in this court, [he] will need the complete transcript of all of my court proceedings." (Req. 1.) In the absence of having shown a particularized need, Defendant is not entitled to transcripts at Government expense. He is not entitled to transcripts simply to comb the record. Consequently, the Court has not found any reason to modify its judgment upon Defendant's original Request for Transcript of Court Proceeding based upon the content therein.

Defendant's Motion to Reconsider ostensibly represents an attempt to cure the deficiencies of his original Request. Through the instant Motion, Defendant seemingly attempts to articulate a particularized need for the requested transcripts, therein contending that the Government "failed to address issues that were said at the sentencing hearing." (Mot. 1.) In essence, Defendant requests a transcript of all of his proceedings for use in responding to the Government's Opposition to his Motion to Vacate under 28 U.S.C. § 2255. Defendant

5

provides two examples of issues that he believes were not sufficiently addressed by the Government in its Opposition, specifically "the 60 days additional time the government needed to file rule 35(b) and also the government agreeing to file for sentence reduction." (*Id.*)  Defendant contends that "[t]hese issues goes (sic) to the heart of defendant allegation (sic) and needed the transcript (sic) to pin point (sic) what was said at the hearing." (*Id.*)

      The Court notes that Defendant has attempted to demonstrate the requisite "particularized need" through his Motion to Reconsider.  The Fourth Circuit is clear in its holding, however, that a party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment ..." *Pac. Ins. Co.*, 148 F.3d at 403.  Defendant did not raise any of the aforementioned arguments of his Motion to Reconsider in the first instance, thereby rendering inappropriate the approval of his Motion based upon entirely new argument that he is has proffered for the first time therein.  Furthermore, Defendant has failed to demonstrate why he requires transcription of all of his court proceedings when the issues raised through his attempt to demonstrate a "particularized need" seemingly pertain to his sentencing and responding to the Government's Opposition

to his Motion to Vacate.  In any event, Defendant has failed to demonstrate the requisite "particularized need."

Furthermore, the substance of Defendant's Motion to Reconsider and the issues raised therein do not represent the sort of narrow circumstances in which district court has the discretion to grant such an "extraordinary remedy." *Id*. There has not been any intervening change to the law that requires accommodation, nor has any new evidence put forth that was not available at trial.  The Court does not identify any obvious, clear, unmistakable, manifest, or plain defects in the Court's order.  Finally, the Court believes that the present circumstances do not present the sort of situation in which "manifest injustice" would result from the Court's initial decision, particularly so when Defendant has failed to demonstrate why he requires transcription of all of his court proceedings, however sparse or numerous they may be, in order to decide an issue presented by his suit.

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion to Reconsider.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| February 25, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |