IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

NAPOLEON OSEI BOAKYE,

    Petitioner,             )
                                  )
                                  )
       v.                          )
                                  ) 1:11cr455 (JCC)
                                  ) 1:12cv1226
UNITED STATES OF AMERICA,    )
                                  )
                                  )
    Respondent.            )

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Napoleon Osei Boakye's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "Motion"). [Dkt. 36.] For the following reasons, the Court will deny Petitioner's Motion.

### I. Background

On September 20, 2011, prior to an indictment and pursuant to a plea agreement, Petitioner pleaded guilty to one-count of immigration document fraud, in violation of 18 U.S.C. § 1546, and one-count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. [Dkts. 15-19.] On January 27, 2012, this Court sentenced Petitioner to a sentence of 34 months' imprisonment. [Dkt. 34.] Petitioner did not appeal his conviction.

Prior to sentencing, neither Petitioner nor his attorney requested that Petitioner be placed in the "Fast Track" program for aliens convicted of unlawful reentry after deportation, a program which did not exist in this District at that time. (Gov't Opp. [Dkt. 42] at 2.) Also prior to sentencing, on January 5, 2012, Petitioner met with federal investigators at his request to share information about another defendant. (*Id.* at 11.) The individual about whom Petitioner shared information already had pled guilty on November 18, 2011. (*Id.*)

On November 1, 2012, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. [Dkt. 36.] After receiving an extension from this Court, the Government filed its opposition on December 13, 2012. [Dkt. 42.] Petitioner replied on March 8, 2013. [Dkt. 48.]

Petitioner's Motion is now before the Court.

## II.  Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424,

426-27 (1962). To prevail on a § 2255 Motion, the petitioner bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

### III. Analysis

Petitioner argues that his sentence is subject to collateral attack for two reasons: (1) he asserts that the Government should have allowed him to participate in the "Fast Track" program; and (2) he challenges the Government's decision not to file a Rule 35(b) motion on his behalf. The Court rejects both of Petitioner's arguments.

First, Petitioner fails to state a claim providing a basis for collateral relief regarding the "Fast Track" program. Fast track programs allow defendants charged with felony illegal reentry to earn a reduced sentence in exchange for a quick guilty plea. *See Jimenez v. United States*, No. 12-CV-2697-BMC, 2012 WL 1965411, at *1 (E.D.N.Y. May 31, 2012). After such programs were developed and implemented in a variety of jurisdictions starting in the 1990s, on January 31, 2012 the U.S. Department of Justice issued a memorandum authorizing fast track programs in every district, beginning March 1, 2012, for cases charging illegal reentry after deportation in violation of 8 U.S.C. § 1326. *See* Memorandum of Deputy Attorney General James M. Cole, Department Policy on Early Disposition or "Fast-Track" Programs, January 31, 2012, at 1-2, available at http://

www.justice.gov/dag/fasttrack-program.pdf ("DOJ Fast Track Memo"). Accordingly, on March 1, 2012, this District implemented such a program. *See* U.S. Attorney's Office for the Eastern District of Virginia, Immigration Reentry Case Intake and Fast Track Program Standards: 8 U.S.C. § 1326 (March 12, 2012). However, consistent with the Department of Justice's position in this new memorandum, courts across the country have found that the existence of a fast track program does not create any enforceable right under the Constitution or any federal law, and a defendant's participation in such a program is a matter for the United States Attorney's discretion. *See Ozuna-Cabrera v. United States*, No. 08-CR-10082-RGS, 2012 WL 5398566, at *3 (D. Mass. Nov. 1, 2012) ("The recommendation of a Fast Track departure remained solely a matter for the local U.S. Attorney's discretion."); *United States v. Orjuela-Medina*, No. 8:05–Cr–381–T–24MAP, 2012 WL 4854710, at *2 (M.D. Fla. Oct. 11, 2012); *United States v. Ojeda-Texta*, No. 10-CR-156, 2012 WL 4210292, at *1 (E.D. La. Sept. 19, 2012) ("the program exclusively vests discretion to implement the fast-track program in a particular case with the United States Attorneys"); *De Paz-Salvador v. United States*, No. 3:09-CR-018-CAR, 2012 WL 4854651, at *2 (M.D. Ga. Sept. 14, 2012) (noting that the program does not create any substantive rights and "gives broad discretion to prosecutors to determine whether a fast-track program will be offered to a

4

defendant"); *United States v. Seledon-Lopez*, No. 2:09-CR-0246-RLH-RJJ, 2012 WL 1744535, at *1 (D. Nev. May 15, 2012) (noting that the fast-track policy "did not create any substantive or procedural rights for Defendant"); *see also* DOJ Fast Track Memo at 1. As a result, Petitioner has no basis for collateral relief under § 2255 regarding his lack of participation in this District's fast track program.

Second, Petitioner fails to state a claim regarding the Government's refusal to file a Rule 35(b) motion sufficient to trigger this Court's review of that decision. A district court has no authority to review the government's refusal to file a Rule 35(b) motion unless that decision was based an unconstitutional motive, such as the defendant's race or religion. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United states v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001); *United States v. Anderson*, 2012 WL 6021322, at *7 (E.D. Va. Dec. 3, 2012). To trigger such review, a defendant must make a "substantial threshold showing" of improper motives by the Government. *United States v. Saquella*, 2012 WL 405060, at *3 (E.D. Va. Feb. 7, 2012) (internal citations omitted). Accordingly, a defendant "who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an

evidentiary hearing." *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (citing *Wade*, 504 U.S. at 186).

Petitioner claims that the Government promised him that it would file a Rule 35(b) motion on his behalf and also claims that the Government failed to do so because of an improper motive. (Pet. Mot. at 5, 14-17.) To begin, Petitioner provides no evidence of such a promise and his plea agreement makes clear that the Government "reserve[d] the right" to seek a reduction "in its sole discretion." (Plea Agreement [Dkt. 18] ¶ 12.) Petitioner also fails to make a substantial threshold showing of improper motives behind the Government's decision. The sole unconstitutional motive which Petitioner identifies is that the Government allegedly refused to file a Rule 35(b) motion because he is a homosexual. (Pet. Mot. at 6, 14, 16-17.) Petitioner, however, provides no evidence in support of his accusation. Moreover, as already noted in the PSR, investigations prior to sentencing indicated that Petitioner falsely portrayed himself as a cross-dresser and a homosexual in order to persuade an immigration judge not to remove him from the United States. (PSR [Dkt. 26] ¶ 102 n.1.) Given Petitioner's failure to meet the threshold showing of improper motive, the Court may not review the Government's decision regarding a Rule 35(b) motion.

## IV. Conclusion

For the foregoing reasons, the Court will deny Petitioner's Motion.

An appropriate Order will issue.

June 6, 2013  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE